# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BART S. HERSKO,
                Appellant,

        v.

DEPARTMENT OF THE AIR FORCE,
                Agency.

DOCKET NUMBER
CH-0432-13-0493-I-1

DATE: November 24, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jeffrey M. Silverstein, Esquire, Dayton, Ohio, for the appellant.

F. Thomas Giambattista, Esquire, and Michael J. Raming, Wright-Patterson Air Force Base, Ohio, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        At the time of the action at issue, the appellant served as a GS-14 Patent Attorney at Wright-Patterson Air Force Base. On June 1, 2012, he received an unacceptable performance appraisal for the period April 1, 2011, to March 31, 2012, based on his unacceptable performance in three of his critical elements: (1) preparing and prosecuting patent applications on advanced chemical technologies and selected mechanical, electrical and software invention disclosures; (2) reviewing all invention disclosures for technical completeness and assessing patentability; and (3) fulfilling the professional responsibilities of an attorney. A subsequent "out-of-cycle" appraisal for the period April 1, 2012, to July 11, 2012, showed the appellant's continued unacceptable performance in those three critical elements. As a result, the agency placed him on a 90-day performance improvement plan (PIP) from August 17, 2012, to November 15, 2012. The ending date of the PIP was extended to November 30, 2012, to account for paid holidays and the appellant's use of approved leave. On February 25, 2013, the agency proposed to remove the appellant based on his continued failure to meet the three critical elements. Initial Appeal File (IAF), Tab 5, Subtab 4g.

After the appellant responded, *id.*, Subtabs 4c-4e, the agency issued a decision to remove him, effective April 19, 2013. *Id.*, Subtabs 4a-4b.

¶3       On appeal, the appellant denied the charge and claimed that the agency did not properly administer the PIP. IAF, Tab 1 at 3. He also alleged discrimination based on disability (obsessive compulsive disorder (OCD) with associated depression and insomnia). *Id.* at 3, 5. And, he requested a hearing. *Id.* at 2.

¶4       Thereafter the administrative judge issued an initial decision affirming the agency's action. IAF, Tab 12, Initial Decision (ID) at 2, 27. She noted the appellant's statements that he did not challenge the Office of Personnel Management's approval of the agency's performance appraisal system, the validity of the performance standards under the cited critical elements, or the agency's communication to him of those standards, ID at 3-4; IAF, Tab 9, and she concluded that the appellant's statements satisfied the agency's burden of proving these components of its case, ID at 4. The administrative judge then addressed the agency's burden to show that, prior to taking the action, it afforded the appellant a reasonable opportunity to improve his performance, and she also addressed his claim that the agency failed to meet that burden. In this regard, the administrative judge considered the appellant's assertion that the agency denied him specific training during the PIP. She found that he failed to establish that he was inappropriately denied training that could have assisted him in successfully completing the PIP, noting his claim that he had all the skills and education to successfully perform his duties during the PIP. ID at 4-6. The administrative judge then considered the appellant's claim that both his supervisor immediately before, and his supervisor during, the PIP harassed him, impeding his ability to successfully complete the PIP. She concluded that the directives of which the appellant complained did not constitute harassment that impeded his ability to successfully complete the PIP. ID at 7-12.

¶5       The administrative judge then considered the appellant's actual performance during the PIP. The administrative judge addressed critical element #1, preparing

and prosecuting patent applications on advanced chemical technologies and the three components of the applicable performance standard—quality, timeliness, and production. The quality component of the standard required that the appellant's work product be well-written. The administrative judge assessed the credibility of the appellant and the supervisor, concluding that the supervisor was more credible and that, therefore, the agency established by substantial evidence that the appellant's work failed to meet the quality component of the performance standard for critical element #1. ID at 14-18. The timeliness component of the standard required that the appellant's work product be 90% on time and filed within the shortened statutory response period. The administrative judge considered the supervisor's testimony that the appellant never met the 90% requirement because his work product was frequently unacceptable and had to be resubmitted and that this occurred 94 times out of 100 during the PIP, rendering only 6% of the appellant's work on time. The administrative judge also considered the appellant's testimony that his work was acceptable when submitted and should not have been returned or required to be resubmitted. Having already determined that the appellant's work product was not of acceptable quality under that component of the standard, the administrative judge then found that the appellant failed to achieve the timeliness component's 90% requirement. ID at 18-19. The production requirement of the component required that the appellant complete 2.0 equivalent patent cases per month, based on a point system. The administrative judge considered the testimony of the supervisor that the appellant's work averaged .9 points/month and the appellant's testimony that his supervisor kept his work for an inordinate amount of time. The administrative judge credited the supervisor's testimony that the time an employee's work was with him did not enter into the employee's performance measurement. The administrative judge concluded that the appellant failed to achieve the 2.0/month production requirement of the performance standard for

critical element #1, ID at 19-20, and that therefore the agency had established by substantial evidence that his performance was unacceptable.[2]

¶6        The administrative judge then addressed the appellant's claim of disability discrimination.  She found that he was disabled by virtue of his OCD with associated depression and insomnia, ID at 21, and that it was undisputed that he had the necessary experience, education, and skill to perform his duties, ID at 22. She then addressed whether he could perform his duties with reasonable accommodation, considering the specific accommodations he had requested, ID at 24-27, but found that, because he did not establish that any requested accommodation not provided was reasonable, he failed to establish a prima facie case of disability discrimination, ID at 27.

¶7        In his petition for review, the appellant disputes a number of the administrative judge's findings.  Petition for Review (PFR) File, Tab 1 at 4-18. For example, the appellant argues that, contrary to the administrative judge's findings, he was denied a specific training course, *id.* at 5, and was harassed by his pre-PIP supervisor and his supervisor during the PIP, *id.* at 5-8, specifically blaming the latter for his failure to successfully complete the PIP.  In determining whether an agency has afforded an employee a reasonable opportunity to demonstrate acceptable performance, relevant factors include the nature of the duties and responsibilities of the employee's position, the performance deficiencies involved, and the amount of time which is sufficient to enable the employee to demonstrate acceptable performance.  *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 32 (2010).  Here, the administrative judge considered that, as a Patent Attorney, the appellant works under deadlines set by statute, rule, and regulations that apply to the United States Patent and

[2] Because the administrative judge found the appellant's performance unacceptable in one critical element, she correctly found it unnecessary to address the other two.  ID at 20; *Lisiecki v. Federal Home Loan Bank Board*, 23 M.S.P.R. 633, 634 (1984), *aff'd*, 769 F.2d 1558 (1985).  The appellant has not challenged the administrative judge's decision in this regard.

Trademark Office and that failing to meet those deadlines can result in fines or the loss of a patent. ID at 12. Whether or not the appellant was denied the opportunity to attend a specific training course, he has not shown that any such denial adversely affected his ability to successfully complete the PIP. As to alleged harassment by the appellant's supervisors, the administrative judge acknowledged that the pre-PIP supervisor had an abrasive supervisory style but found that he bore no responsibility for the appellant's failure to successfully complete the PIP under the second supervisor (supervisor). ID at 6-7. And, as to the alleged harassment by that supervisor, the administrative judge considered the specific directives set forth in the PIP notice that the appellant claimed constituted harassment but credited the supervisor's explanation of the need for each of those directives, finding that the appellant, to some extent, had mischaracterized them. The appellant has not challenged that the PIP lasted in excess of 100 days. The Board has found that a 30-day PIP can satisfy an agency's obligation to provide an employee with a reasonable opportunity to demonstrate acceptable performance. *Lee*, 115 M.S.P.R. 533, ¶ 33. The record further reflects that, during the PIP, the agency provided the appellant with detailed written feedback and conducted weekly meetings at which the appellant's supervisor provided written summaries of his progress. IAF, Tab 5, Subtab G. This degree of assistance is greater than that which the Board has found sufficient to meet an agency's obligation. *See Goodwin v. Department of the Air Force*, 75 M.S.P.R. 204, 208-09 (1997). In sum, the appellant has not shown error in the administrative judge's finding that the agency proffered substantial evidence that it afforded the appellant a reasonable opportunity to improve. *See Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 20 (2013).

¶8      The appellant also argues that his work product has been successful over the years and that none of his patents were successfully challenged in court. PFR File, Tab 1 at 9. However, it is not the appellant's performance over his career that is at issue here but rather his performance during the PIP that is the focus of

this appeal.  *Cf.  Lee v. Department of Labor*, 110 M.S.P.R. 355, ¶ 11 (2008) (an agency is not estopped by a prior satisfactory appraisal from taking a performance-based action against an employee at any time during the appraisal cycle where his performance in a critical element becomes unacceptable).  The appellant also challenges the administrative judge's finding that he failed to successfully perform his duties under critical element #1 during the PIP, again blaming his supervisor.  PFR File, Tab 1 at 9-11.  An agency's burden of providing substantial evidence of an appellant's unacceptable performance can be met largely by submissions of documentation through the charges and the appellant's working papers.  *Fernand v. Department of the Treasury*, 100 M.S.P.R. 259, ¶ 10 (2005), *aff'd*, 210 F. App'x 992 (Fed. Cir. 2006); *Salter v. Department of the Treasury*, 92 M.S.P.R. 355, ¶ 12 (2002).  A proposal notice can constitute valid proof of an agency's charges, where, as here, the notice is not merely conclusory but sets forth in detail the employee's errors and deficiencies and where, as here, the notice is corroborated by other evidence.  *See Fernand*, 100 M.S.P.R. 259, ¶ 10; IAF, Tab 5, Subtabs 4g, G.  Moreover, the administrative judge considered both the supervisor's assessment that the appellant's products were poorly written and substandard and the appellant's contrary assertion that his work during the PIP was of acceptable quality in all respects.  In this regard, the administrative judge assessed the credibility of the appellant and his supervisor, applied the factors set out by the Board in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458-62 (1987), and concluded that the supervisor was more credible because his straightforward testimony was consistent with statements and testimony of two other witnesses who reviewed the appellant's work, whereas the appellant tended to deflect any errors on his part, made contrary claims, and had a poor reputation for truthfulness, based on his having misrepresented and lied about his work.  ID at 14-18.  Based on the appellant's arguments on review, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge.  *See*

*Crosby v. U.S. Postal Service*, [74 M.S.P.R. 98](), 105-06 (1997); *see also Haebe v. Department of Justice*, [288 F.3d 1288](), 1302 (Fed. Cir. 2002) (the Board may overturn credibility determinations only when it has "sufficiently sound" reasons for doing so). The appellant's mere disagreement with the administrative judge's findings and credibility determinations does not warrant full review of the record by the Board. *See Gager v. Department of Commerce,* [99 M.S.P.R. 216](), ¶ 5 (2005); *see also Weaver v. Department of the Navy*, [2 M.S.P.R. 129](), 133-34 (1980).

¶9      Finally, the appellant challenges the administrative judge's finding that he did not establish his claim of disability discrimination based on a failure to accommodate.[3]  PFR File, Tab 1 at 12-18.  In addressing the appellant's claim that he could perform his duties with reasonable accommodation, the administrative judge first considered the appellant's request that he be allowed to work a flexible schedule, including taking fitness breaks during the day, and to telework.  The administrative judge found that the appellant was and continued to be on a flexible work schedule in that, like all employees, he was permitted to take fitness breaks during the day, totaling 3 hours per week.  ID at 24.  The administrative judge further found that the appellant had been permitted to telework prior to 2008, but that, due to his misuse of the benefit, the agency had terminated it.  With regard to the appellant's 2010 request to again telework as an accommodation for his OCD, IAF, Tab 5, Subtab 4i, Attachment 10, the administrative judge found that it was supported by medical evidence but that teleworking was not a reasonable accommodation because it would not assist the appellant in performing his duties because of his poor pre-PIP performance, his difficulty in focusing on his work, his inability to interact with his supervisor and

---

[3] The appellant claims on review that he can perform his duties without reasonable accommodation because he did so for several years. PFR File, Tab 1 at 14.  That claim is inconsistent with the requests he made for accommodation beginning in 2010.  IAF, Tab 5, Subtab 4i.

coworkers while teleworking, his unexplained periodic absences from the work place during the day, and his past misuse of the benefit.[4]  ID at 24-25.

¶10    The administrative judge also considered the appellant's request that he be provided praise and positive feedback concerning his work.  She similarly found that this was not a reasonable accommodation because it would not assist the appellant in performing his duties based on the significant amount of feedback he received during the PIP and his testimony that, when his supervisor did give him praise or positive feedback, he perceived it as insincere.  ID at 25.  In addressing the appellant's request that he not be subject to "hyper-scrutiny," the administrative judge found that that was not a reasonable accommodation because the appellant was essentially asking the agency to relieve him of working within the prescribed time limits of his performance standards but agencies are not required to alter performance standards as an accommodation and because the very nature of a PIP presumes a heightened scrutiny of an employee's work.  ID at 25-27.

¶11    On review, we discern no error in the administrative judge's finding that the appellant's asserted accommodations were unreasonable and that he therefore failed to establish his claim of disability discrimination.  *See Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 22 (2010).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

---

[4] Although the appellant relies on the Equal Employment Opportunity Commission's Enforcement Guidance on Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act as support for his claim that teleworking is a reasonable accommodation, that guidance does not require agencies to allow employees to be so accommodated in all instances, but only where the agency determines that such accommodation would be effective.  *EEOC Enforcement Guidance on Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act, Question 34* (Oct. 17, 2002), EEOC.gov/policy/docs/accommodation.html.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to

file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:              _____
                            William D. Spencer
                            Clerk of the Board

Washington, D.C.